BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
E-mail: brian.takahashi@bowmanandbrooke.com
Colin P. Cronin (SBN: 325644)
E-mail: colin.cronin@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No.: 310/ 768-3068
Fax No.: 310/ 719-1019

Attorneys for Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

BABAK MATIAN, an individual, and NICOLE MATIAN, an individual,

Plaintiffs

vs.

JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1 through 10, inclusive,

Defendants.

**CASE NO:** 2:19-cv-06102

**(Removed from Los Angeles County Superior Court, Case No. 19STCV20854)**

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION); DECLARATION OF COLIN P. CRONIN**

Trial: None

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Jaguar Land Rover North America, LLC ("JLRNA") hereby removes this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1441(b), based upon diversity jurisdiction as defined by 28 U.S.C. section 1332.

The basis for removal is as follows:

1. On June 14, 2019, Plaintiffs Babak Matian and Nicole Matian ("Plaintiffs") commenced this action in the Los Angeles County Superior Court

entitled as follows: Babak Matian and Nicole Matian v. Jaguar Land Rover North America, LLC, et al., Case No. 19STCV20854, alleging causes of action relating to the lease of a 2017 Land Rover Range Rover, VIN SALGR2FV8HA339736 ("Subject Vehicle"). The Complaint alleges violations of the Song-Beverly Consumer Warranty Act.

2. JLRNA is the only named defendant in this action.

3. JLRNA was served with a copy of Plaintiffs' Summons and Complaint on June 17, 2019, through its designated agent for service of process. (*See* Declaration of Colin P. Cronin ("Cronin Decl."), ¶ 2, Exh. A.) It was on that date that JLRNA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. Accordingly, this Notice of Removal is timely filed. No further proceedings have been had in the state court action.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is one which may be removed to this Court by defendant JLRNA pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . . ." (*See* 28 U.S.C. §1446(a).)

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AND 1441**

**A. Diversity of Citizenship Exists**

8. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. (*See, e.g,, State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).) A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. (28 U.S.C. §1332(c)(1).)

9. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. (*Strotek Corporation v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).) A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiffs Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." (28 U.S.C. §1446(b)(3).)

10. Plaintiffs Babak Matian and Nicole Matian, at the time this action was commenced, were and still are citizens of the State of California, Los Angeles County, which is reflected in the Complaint (*see* Complaint, ¶ 2) and in the lease agreement (*see* Cronin Decl., ¶¶ 2 and 3, Exhs. A and B).

11. Defendant JLRNA, at the time this action was commenced, was and

still is a single-member limited liability company with its principal place of business in New Jersey. JLRNA's sole member is Jaguar Land Rover Limited, a British-incorporated Private Limited Company, with its principal place of business in Coventry, England. (Cronin Decl., ¶ 4.)

12. Complete diversity existed as of the time this action was filed, as well as the date of this notice. "Doe" defendants may be ignored for removal purposes. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

**B. <u>The Amount in Controversy Requirement Is Satisfied</u>**

13. The amount-in-controversy exceeds $75,000.00, exclusive of interest and costs, for the following reasons:

(i) The action arises out of Plaintiffs' alleged lease, on or about May 9, 2017, of the Subject Vehicle, for a total gross capitalized cost of $87,886.85. (Cronin Decl., ¶ 3, Exh. B.)

(ii) Plaintiffs allege that they are entitled to rescission of the lease agreement and restitution or replacement of the Subject Vehicle, with an agreed upon value of $87,886.85, including actual, incidental, and consequential damages. (Cronin Decl., ¶ 2, Exh. A Prayer.)

(iii) Plaintiffs allege that they are entitled to recover costs, including attorney's fees, under Ca. Civ. Code section 1794 (Cronin Decl., ¶ 2, Exh. A Prayer.)

(iv) Plaintiffs also allege that they are entitled to recover a civil penalty of two times actual damages under the Song-Beverly Act, Cal. Civ. Code section 1794(c), which would be approximately $175,773.70 (Cronin Decl., ¶ 2, Exh. A Prayer.)

14. Plaintiff's Complaint, seeks at least $75,000 in monetary damages and civil penalties, particularly considering their requests for civil penalties and attorney's fees and costs. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing

that such damages are "facially apparent" from the plaintiffs Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (N.D. Cal., 2002) (civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages).)

15. Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir.1998).) However, where an underlying statute, such as the Song–Beverly Act, authorizes an award of attorney's fees, such fees may be included in calculating the amount in controversy. (*See Id.; Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir.2000).) Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. (*Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).) Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. (*Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).) Here, plaintiffs are additionally seeking attorney's fees and costs of suit. (Cronin Decl., ¶ 2, Exh. A Prayer.)

16. Based upon the foregoing, all requirements for removal pursuant to diversity jurisdiction have been met. Defendant JLRNA therefore requests that this action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

17. This removal notice is timely filed as it is filed within 30 days after JLRNA's receipt of "the pleading, Motion, Order or other paper from which it

could first be ascertained that the case is one which is removable." Therefore, removal of this case is proper.

18. JLRNA will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. section 1446(d).

DATED: July 16, 2019

BOWMAN AND BROOKE LLP

By: [signature]

Brian Takahashi
Colin P. Cronin
Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

**DECLARATION OF COLIN P. CRONIN**

I, Colin P. Cronin, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the Central District Court. I am an associate at Bowman and Brooke LLP, attorneys of record for Jaguar Land Rover North America, LLC ("JLRNA"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.

2. A true and correct copy of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and the Notice of Service of Process received by JLRNA is attached hereto as Exhibit A.

3. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's lease agreement for the Subject Vehicle, indicating his residence in Los Angeles, California.

4. JLRNA, at the time this action was commenced, was and still is a single-member limited liability company with its principal place of business in New Jersey. JLRNA's sole member is Jaguar Land Rover Limited, a British-incorporated Private Limited Company, with its principal place of business in Coventry, England.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of July 2019, at Torrance, California.

Colin Cronin

Colin P. Cronin

## PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is: sylvia.lacrosse @bowmanandbrooke.com.

On **July 16, 2019**, I served the foregoing documents described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION); DECLARATION OF COLIN P. CRONIN** on all interested parties in this action by enclosing a true copy thereof in an envelope addressed as follows:

Sepehr Daghighian, Esq.
Kevin Y. Jacobson, Esq.
HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.
10250 Constellation Boulevard, Suite 2500
Los Angeles, California 90067

**Attorneys for Plaintiff**

**Tel: 310/ 887-1333**
**Fax: 310/ 887-1334**
**Email: sd@hdmnlaw.com**
**kj@shdmnlaw.com**

☒ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2)):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

Executed on **July 16, 2019**, at Torrance, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Sylvia S. La Crosse